**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Xavier Acosta, | Case No. 2:25-cv-02503-JAD-NJK |
| Petitioner | |
| v. | **Order Denying Motion for Stay and Dismissing Case** |
| State of Nevada, | [ECF No. 5] |
| Respondent | |

*Pro se* Petitioner Xavier Acosta filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), in which he stated that he was pursuing federal habeas relief.[1] But Acosta did not file a federal habeas *petition*, so I instructed him to file a proper one by January 30, 2026.[2] In response, Acosta filed a motion to stay, explaining that he "still needs to exhaust [his] state court remedies."[3]

District courts are authorized to stay unexhausted petitions in limited circumstances to allow a petitioner to present unexhausted claims to the state court.[4] However, Acosta has yet to file a petition in this matter, so there is nothing to stay. Plus the Nevada Supreme Court just affirmed Acosta's judgment of conviction on August 21, 2025,[5] so even if Acosta had filed a petition in this action, it likely would not qualify as a protective petition.[6] Accordingly, I dismiss

---

[1] ECF No. 1.

[2] ECF No. 3.

[3] ECF No. 5.

[4] *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005).

[5] *Xavier Acosta v. State of Nevada*, No. 86404.

[6] *See Rhines*, 544 U.S. at 278 (stating that if a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are properly and

this action without prejudice to Acosta's ability to file a petition in a new case in this court after he has exhausted his state-court remedies, including filing a state habeas petition in the Eighth Judicial District Court[7] and appealing that decision, as needed, to the Nevada appellate courts.[8]

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice. A Certificate of Appealability is denied as reasonable jurists would not find the dismissal of this action to be debatable or wrong for the reasons discussed herein.

IT IS FURTHER ORDERED that the IFP application **(ECF No. 1) is DENIED** as moot and the motion for stay **(ECF No. 5) is DENIED**.

The Clerk of the Court is directed to (1) ADD Nevada Attorney General Aaron D. Ford as counsel for Respondents,[9] (2) PROVIDE the Nevada Attorney General with copies of all filings in this matter by regenerating the notices of electronic filing, (3) ENTER JUDGMENT, and (4) CLOSE THIS CASE.

Dated: February 11, 2026

_____
U.S. District Judge Jennifer A. Dorsey

---

timely filed under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies).

[7] "[A] petition that challenges the validity of a judgment of conviction or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction . . . issues its remittitur." Nev. Rev. Stat. § 34.726(1).

[8] Acosta remains responsible for calculating the running of the federal limitation period and timely presenting claims.

[9] No response is required from respondents other than to respond to any orders of a reviewing court.